**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ACORDA THERAPEUTICS, INC., *et al.,*<br><br>    Debtors. | Chapter 11<br>Case No. 24-22284 (DSJ)<br>(Jointly Administered) |
| ALEXANDRE ZYNGIER, Liquidation<br>Trustee of the Acorda Therapeutics<br>Liquidation Trust,<br><br>    Plaintiff,<br><br>v.<br><br>CFGI HOLDINGS, LLC,<br><br>    Defendant. | Adv. No. 26-07011 (DSJ) |

## <u>DEFENDANT CFGI HOLDINGS, LLC'S ANSWER TO COMPLAINT</u>

Defendant CFGI Holdings, LLC ("CFGI"), by its undersigned counsel, hereby responds to

the allegations set forth in the Complaint (ECF No. 1) filed by Alexandre Zyngier (the "Trustee"),

as Liquidation Trustee of the Acorda Therapeutics Liquidation Trust ("Acorda").

[Unnumbered Paragraph].  The allegations contained in the first unnumbered paragraph of

the Complaint set forth the Trustee's demand for relief to which no response is required.  To the

extent a response is required, CFGI admits that the Trustee seeks the relief set forth in the first

unnumbered paragraph of the Complaint but denies that there is any legal or factual basis for the

relief requested or that the Trustee is entitled to any relief in this case.

## **NATURE OF THE CASE**[1]

1. The allegations contained in Paragraph 1 of the Complaint set forth the Trustee's demand for relief to which no response is required. To the extent a response is required, CFGI admits that the Trustee seeks the relief set forth in Paragraph 1 of the Complaint but denies that there is any legal or factual basis for the relief requested or that the Trustee is entitled to any relief in this case.

2. The allegations contained in Paragraph 2 of the Complaint set forth the Trustee's demand for relief to which no response is required. To the extent a response is required, CFGI admits that the Trustee seeks the relief set forth in Paragraph 2 of the Complaint but denies that there is any legal or factual basis for the relief requested or that the Trustee is entitled to any relief in this case.

## **JURISDICTION AND VENUE**

3. The allegations contained in Paragraph 3 of the Complaint are legal conclusions to which no response is required.

4. The allegations contained in Paragraph 4 of the Complaint are legal conclusions to which no response is required.

5. The allegations contained in Paragraph 5 of the Complaint are legal conclusions to which no response is required.

6. The allegations contained in Paragraph 6 of the Complaint are legal conclusions to which no response is required.

---

[1] The headings used herein shall not be construed as admissions to any facts or claims alleged in the Trustee's Complaint; rather, the headings used herein mirror those used in the Complaint for organizational purposes only.

## BASIS FOR RELIEF REQUESTED

7. The allegations contained in Paragraph 7 of the Complaint are legal conclusions to which no response is required.

## PROCEDURAL BACKGROUND

8. CFGI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies them, except CFGI admits that on April 1, 2024, each of the Debtors commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

9. CFGI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies them.

10. CFGI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies them, except CFGI admits that on August 6, 2024, the Debtors filed their Modified First Amended Joint Chapter 11 Plan of Liquidation.

11. CFGI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore denies them, except CFGI admits that on August 7, 2024, this Court entered the Confirmation Order.

12. The allegations contained in Paragraph 12 of the Complaint are legal conclusions to which no response is required. To the extent Trustee is referring to documents in Paragraph 12, the documents speak for themselves, and CFGI denies any allegations inconsistent therewith.

13. The allegations contained in Paragraph 13 of the Complaint are legal conclusions to which no response is required. To the extent Trustee is referring to documents in Paragraph 13, the documents speak for themselves, and CFGI denies any allegations inconsistent therewith.

14. The allegations contained in Paragraph 14 of the Complaint are legal conclusions to which no response is required. To the extent Trustee is referring to documents in Paragraph 14, the documents speak for themselves, and CFGI denies any allegations inconsistent therewith.

15. CFGI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore denies them, except CFGI admits that on August 21, 2024, the Effective Date of the Plan occurred.

16. The allegations contained in Paragraph 16 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, CFGI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore denies them.

## THE PARTIES

17. CFGI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore denies them, except CFGI admits that Alexandre Zyngier was appointed as the Liquidation Trustee pursuant to the Confirmation Order.

18. CFGI admits that it provided financial consulting and advisory services to certain of the Debtors pursuant to a written engagement agreement, and that CFGI's principal place of business is located at 1 Lincoln Street, Suite 1301, Boston, Massachusetts 02111. CFGI denies any remaining allegations in Paragraph 18 not expressly admitted.

19. The allegations contained in Paragraph 19 of the Complaint are legal conclusions to which no response is required.

## FACTUAL BACKGROUND

20. CFGI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore denies them.

21. Admitted.

22. The allegations contained in Paragraph 22 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, CFGI admits that the preference period under 11 U.S.C. § 547 runs from January 2, 2024 through April 1, 2024. CFGI denies that any transfers made to CFGI during this period are avoidable.

23. To the extent Trustee is referring to documents in Paragraph 23 of the Complaint, the documents speak for themselves, and CFGI denies any allegations inconsistent therewith. CFGI admits that it and Acorda Therapeutics, Inc. entered into a written letter agreement dated July 7, 2022 (the "Engagement Agreement") pursuant to which CFGI agreed to provide financial, accounting, and consulting services to Acorda on a time-and-materials basis. CFGI denies any remaining allegations in Paragraph 23 not expressly admitted.

24. To the extent Trustee is referring to documents in Paragraph 24 of the Complaint, the documents speak for themselves, and CFGI denies any allegations inconsistent therewith. CFGI admits that certain payments were made to CFGI during the Preference Period as reflected on Exhibit A to the Complaint. CFGI denies that those payments constitute avoidable transfers and denies that Plaintiff is entitled to any relief.

25. The allegations contained in Paragraph 25 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, CFGI denies the allegations contained in Paragraph 25 of the Complaint.

26. CFGI admits that Acorda Therapeutics, Inc. made three payments to CFGI during the Preference Period totaling $400,000 as set forth on Exhibit A to the Complaint. CFGI denies that these payments constituted transfers of an interest of the Debtors in property within the meaning of 11 U.S.C. § 547(b)(1). CFGI affirmatively states that the payments were advance payments and prepayments for professional services to be rendered, consistent with the parties' established course of dealing under the Engagement Agreement, and that ownership of the funds passed to CFGI at the time of payment under applicable New York law. CFGI denies the remaining allegations of Paragraph 26.

27. CFGI admits that on or about September 23, 2025, Plaintiff, through counsel, sent a demand letter to CFGI seeking return of the transfers identified on Exhibit A. CFGI denies that it is obligated to return any such transfers.

28. The allegations contained in Paragraph 28 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, CFGI is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Trustee's due diligence evaluation, and therefore denies them.

29. Denied.

30. The allegations contained in Paragraph 30 of the Complaint set forth the Trustee's reservation of rights to which no response is required. To the extent a response is required, CFGI denies the allegations contained in Paragraph 30 of the Complaint.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

31. CFGI repeats and incorporates all of its responses contained in the unnumbered paragraph and Paragraphs 1 through 30 set forth above.

32. CFGI admits only that Acorda Therapeutics, Inc. made three payments to CFGI totaling $400,000 during the Preference Period as set forth on Exhibit A. CFGI denies that these payments are avoidable and otherwise denies the allegations in Paragraph 32 and demands strict proof thereof.

33. The allegations contained in Paragraph 33 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, CFGI denies the allegations contained in Paragraph 33 of the Complaint. CFGI affirmatively states that the payments were advance payments and prepayments under the Engagement Agreement and that under applicable New York law, ownership of the funds passed to CFGI at the time of payment, such that the payments did not constitute transfers of an interest of the Debtors in property within the meaning of 11 U.S.C. § 547(b)(1).

34. The allegations contained in Paragraph 34 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, CFGI denies that it was a "creditor" at the time of each Transfer within the meaning of 11 U.S.C. § 547(b), and denies that any antecedent debt existed at the time of payment within the meaning of 11 U.S.C. § 547(b)(2).

35. The allegations contained in Paragraph 35 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, CFGI denies the allegations contained in Paragraph 35 of the Complaint.

36. The allegations contained in Paragraph 36 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, CFGI denies the allegations contained in Paragraph 36 of the Complaint. CFGI affirmatively states that the payments were not made for or on account of any antecedent debt within the meaning of 11 U.S.C. § 547(b)(2), but

were advance payments and prepayments for professional services consistent with the parties' established course of dealing under the Engagement Agreement.

37. The allegations contained in Paragraph 37 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, CFGI is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Debtors' insolvency, and therefore denies them.

38. The allegations contained in Paragraph 38 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, CFGI admits that the payments identified on Exhibit A were made during the Preference Period. CFGI denies that they are avoidable.

39. The allegations contained in Paragraph 39 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, CFGI denies the allegations contained in Paragraph 39 of the Complaint.

40. Denied.

### Second Claim for Relief
**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))**

41. CFGI repeats and incorporates all of its responses contained in the unnumbered paragraph and Paragraphs 1 through 40 set forth above.

42. The allegations contained in Paragraph 42 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, CFGI denies the allegations contained in Paragraph 42 of the Complaint. CFGI affirmatively states that Acorda received reasonably equivalent value in exchange for each payment in the form of professional financial, accounting, and consulting services actually rendered by CFGI pursuant to the Engagement Agreement at contractually agreed market rates, that the payments were applied dollar-for-dollar

against documented services rendered, and that CFGI refunded all excess prepayment balances to Acorda.

43. Denied.

### Third Claim for Relief
#### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

44. CFGI repeats and incorporates all of its responses contained in the unnumbered paragraph and Paragraphs 1 through 43 set forth above.

45. The allegations contained in Paragraph 45 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, CFGI denies the allegations contained in Paragraph 45 of the Complaint.

46. The allegations contained in Paragraph 46 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, CFGI admits only that it received the payments identified on Exhibit A, CFGI denies that those payments are Avoidable Transfers and denies that Plaintiff is entitled to recover them under 11 U.S.C. § 550, and otherwise denies the allegations in Paragraph 46 and demands strict proof thereof.

47. Denied.

### Fourth Claim for Relief
#### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

48. CFGI repeats and incorporates all of its responses contained in the unnumbered paragraph and Paragraphs 1 through 47 set forth above.

49. The allegations contained in Paragraph 49 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, CFGI denies the allegations contained in Paragraph 49 of the Complaint.

50. Denied.

51. The allegations contained in Paragraph 51 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, CFGI denies the allegations contained in Paragraph 51 of the Complaint.

52. The allegations contained in Paragraph 52 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, CFGI denies the allegations contained in Paragraph 52 of the Complaint.

The allegations contained in the "Prayer for Relief" and the "WHEREFORE" clause following Paragraph 52 of the Complaint set forth Plaintiff's request for relief, to which no response is required. To the extent a response is required, CFGI denies that the Trustee is entitled to avoidance, recovery, disallowance of any claim, prejudgment interest, costs, attorneys' fees, or any other relief whatsoever, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief asserted therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against CFGI.

### SECOND AFFIRMATIVE DEFENSE

The challenged payments are not avoidable as preferences because they did not constitute transfers of an interest of the Debtors in property within the meaning of 11 U.S.C. § 547(b)(1). Pursuant to the Engagement Agreement and applicable New York law, the payments were advance payments and prepayments for professional services, and ownership of the funds passed to CFGI at the time of payment. Acorda retained no cognizable interest in the transferred funds after payment.

## THIRD AFFIRMATIVE DEFENSE

The challenged payments are not avoidable as preferences because they were not made for or on account of any antecedent debt owed by the Debtors before the transfers were made, as required by 11 U.S.C. § 547(b)(2). The Engagement Agreement authorized CFGI to request advance lump-sum payments, and Acorda routinely made such payments in advance of invoicing. CFGI's obligation to perform services arose simultaneously with or after each payment, not before.

## FOURTH AFFIRMATIVE DEFENSE

The transfers at issue were contemporaneous exchanges for new value and, as such, are not avoidable under 11 U.S.C. § 547(c)(1). Both CFGI and Acorda intended each payment to be a contemporaneous exchange for professional services to be rendered, and each payment was in fact substantially contemporaneous with the provision of professional financial, accounting, and consulting services by CFGI.

## FIFTH AFFIRMATIVE DEFENSE

The transfers made to CFGI were in payment of debts incurred in the ordinary course of business or financial affairs of Acorda and CFGI, and the transfers were made in the ordinary course of business or financial affairs of Acorda and CFGI or according to ordinary business terms, such that the transfers are not avoidable under 11 U.S.C. § 547(c)(2)(A). Since the inception of the engagement in July 2022, Acorda routinely made lump-sum advance payments to CFGI, which CFGI applied against invoices as services were rendered and invoiced in the ordinary course. The challenged transfers were consistent with the parties' established course of dealing in form, timing, and payment structure. The three challenged payments are consistent in character, amount, and timing with this established pattern and with ordinary business terms in the financial consulting and professional services industry.

## SIXTH AFFIRMATIVE DEFENSE

The transfers made to CFGI are not avoidable under 11 U.S.C. § 547(c)(2)(B) because they were made according to ordinary business terms. The payment practices reflected in the challenged transfers, including advance payments for professional financial, accounting, and consulting services under a written engagement agreement and application of such payments against services rendered, were consistent with ordinary business terms.

## SEVENTH AFFIRMATIVE DEFENSE

After the transfers were made to CFGI, CFGI gave new value to or for the benefit of Acorda in the form of professional financial, accounting, and consulting services not secured by an otherwise unavoidable security interest, and on account of which new value Acorda did not make an otherwise unavoidable transfer to or for the benefit of CFGI, such that the transfers are not avoidable under 11 U.S.C. § 547(c)(4).

## EIGTH AFFIRMATIVE DEFENSE

The Trustee's Second Claim for Relief under 11 U.S.C. § 548(a)(1)(B) fails because Acorda received reasonably equivalent value in exchange for each challenged payment. CFGI provided documented professional financial, accounting, and consulting services pursuant to the Engagement Agreement at contractually agreed market rates. The payments were applied dollar-for-dollar against services rendered, and CFGI refunded all excess prepayment balances to Acorda. The estate suffered no net depletion as a result of any payment to CFGI.

## NINTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred to the extent the Debtors were not insolvent at the time the transfers at issue were made.

## TENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred by section 548(c) of title 11 of the United States Code to the extent CFGI received and accepted the transfers at issue in good faith and in exchange for value actually delivered, and is therefore entitled to retain such transfers to the extent of the value given.

## ELEVENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by the applicable statutes of limitation, including, without limitation, section 546(a) of title 11 of the United States Code, to the extent the causes of action asserted in the Complaint were not timely commenced or were not timely preserved, assigned, or transferred pursuant to the Plan, the Confirmation Order, the Liquidation Trust Agreement, or other governing documents.

## TWELFTH AFFIRMATIVE DEFENSE

The Trustee lacks standing, authority, or capacity to assert one or more of the claims alleged in the Complaint except to the extent such claims were validly and expressly preserved, assigned, and transferred to the Liquidation Trust under the confirmed Plan, Confirmation Order, Liquidation Trust Agreement, and any related operative documents. CFGI denies that the Trustee may assert any cause of action beyond the scope of those rights, if any, properly vested in the Liquidation Trust.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims for avoidance and recovery are barred, in whole or in part, because the transfers at issue did not diminish the Debtors' estates. Acorda received value on account of the transfers, including but not limited to professional financial, accounting, and consulting

services actually rendered by CFGI pursuant to the Engagement Agreement, and therefore the estate suffered no cognizable loss or net depletion.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent, if any, that CFGI is determined not to be the initial transferee of any transfer at issue, recovery from CFGI is barred, limited, or reduced under section 550(b) of title 11 of the United States Code because CFGI took for value, in good faith, and without knowledge of the avoidability of the transfers.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by the doctrines of setoff and/or recoupment, including under section 553 of title 11 of the United States Code, to the extent that any alleged liability must be reduced by amounts owed to CFGI and/or by the value of services rendered by CFGI in the same transaction or integrated course of dealing underlying the transfers at issue.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred or limited to the extent the causes of action asserted in the Complaint are subject to, affected by, or inconsistent with any release, exculpation, injunction, waiver, or other limitation contained in the Plan, the Confirmation Order, the Liquidation Trust Agreement, or any other applicable order or operative document entered in or governing the Debtor's chapter 11 case.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Trustee is not entitled to disallowance of any claim of CFGI under section 502(d) of title 11 of the United States Code unless and until there is a final, non-appealable determination that CFGI is liable for and has failed to turn over property recoverable under the Bankruptcy Code.

## NINETEENTH AFFIRMATIVE DEFENSE

The Trustee's claims for recovery are barred, limited, or reduced to the extent the Trustee has failed to mitigate the damages, if any, alleged in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent the Trustee seeks prejudgment interest or any similar enhancement of recovery, such relief is barred, unwarranted, or should be denied in the exercise of the Court's discretion.

CFGI reserves the right to amend this Answer and/or supplement these Affirmative Defenses as allowed by the applicable rules as discovery proceeds.

WHEREFORE, CFGI respectfully requests that the Court enter judgment in its favor, that the Trustee take nothing by virtue of the Complaint, and for any such other and further relief as to which CFGI may be entitled and this Court deems just and proper.

Dated: June 4, 2026
New York, New York

Respectfully Submitted,

CFGI HOLDINGS, LLC,

By its counsel,

/s/ *Jaclyn A. Hall*
Jaclyn A. Hall
Nelson Mullins Riley & Scarborough LLP
330 Madison Avenue, 27th Floor
New York, NY 10017
Telephone: (212) 413-9000
jaclyn.hall@nelsonmullins.com

## CERTIFICATE OF SERVICE

I, Jaclyn A. Hall, certify that this document filed through the CM/ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants, if any, on this date.


Dated: June 4, 2026
New York, New York

/s/ *Jaclyn A. Hall*
Jaclyn A. Hall